UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Annette M. Poganski,

Plaintiff,

vs.

St. Cloud Hospital,

Defendant.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 01-20 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of January, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's application to proceed _in forma pauperis_.

As a part of that application, the Plaintiff has averred that she is not employed. However, the Plaintiff attests that she owns real estate with a combined value of $295,000, and also, that she owns several vehicles, with a combined value of approximately $8,300. Most notably, however, the Plaintiff avers that she currently owns a mutual fund with a value of approximately $2,600.[1]

[1]Also, the Plaintiff asserts that she currently maintains a (continued...)

FILED JAN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Given these showings, we conclude that the Plaintiff is financially able to pay the requisite filing costs and service fees, which will be incurred in the commencement of this lawsuit. Therefore, we recommend that the Plaintiff's application to proceed in forma pauperis be denied. See, Title 28 U.S.C. §1915(a)(1).

II. Discussion

In considering the merits of an in forma pauperis application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal in forma pauperis Statute, and which do not. The countervailing considerations at issue are easy of recitation but far more demanding to resolve. In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D. R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a

[1](...continued) bank account with a balance of approximately $300.00.

barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting Souder v. McGuire, 516 F.2d 820, 823 (3rd Cir. 1975), and In re Smith, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a non-frivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of her Federal action without substantially depleting her financial resources. While we recognize, based upon the Plaintiff's sworn representations, that she is not wealthy, we find that she has the wherewithal to satisfy the costs incident to the commencement of her claim without necessitating her forbearance of other expenditures for life's necessities, or for her basic needs. See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51 (and cases cited therein). Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts

as to the wisdom of prosecuting that action, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Lastly, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of in forma pauperis applications by Magistrate Judges. In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990)(Court concludes that a denial of in forma pauperis status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge.

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[2] The Local Rule requires that the Plain-

[2]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file

(continued...)

tiff's Complaint be filed pending a determination of the propriety of her request for pauper's status. Although the Rule contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of her application, should an appeal be taken, this Court will issue its Order, which will preserve the status quo, until the District Court should rule on the matter.

NOW, THEREFORE, It is --

ORDERED:

That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

AND, It is --

---

(...continued)

the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

RECOMMENDED:

That the Plaintiff's application for in forma pauperis status [Docket No. 2] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 26, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 26, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.