UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Annette M. Poganski,

Plaintiff,

ORDER

vs.

St. Cloud Hospital,

Defendant. Civ. No. 01-20 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of January, 2001.

* * *

In a Report dated January 8, 2001, we recommended that the Plaintiff's Application to proceed in forma pauperis be denied because of her substantial land holdings, and a mutual fund carrying a current worth of $2,600. While the Plaintiff's cash flow appeared to be fairly modest, it also appeared that she had garnered sufficient wherewithal to afford the filing fees and service costs attendant to the prosecution of her claim against the Defendant.[1]

---

[1]Since the Plaintiff appears without legal counsel, we read her Complaint indulgently. Although she styles her Complaint as arising under Title VII, she has failed to identify the protected status she claims, but she had attached her charge to the Equal Employment Opportunity Commission, which alleges a claim of disability discrimination. Accordingly, when viewed indulgently, we
(continued...)

FILED JAN 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following the issuance of our Report, the Plaintiff filed an Amended Application, in which she avers that **she** currently bears $239,000 in real estate debt, on property that she now values at $227,000. She had previously valued one of the properties at $175,000, but now offers a "taxable value" for that property of $107,600. She reports no income to her home from any other source, although she appends income tax returns relating to a partner, and a partnership. While we have considerable concern about the sworn representations the Plaintiff has made, which are significantly different from to which she had previously attested, in this process we do not function as a auditor so as to divine whether declarations, under a penalty of perjury, are accurate. If they are not, and are proven not to be, the Court is not without recourse, upon a showing of cause. For now, we accept the Plaintiff's averments, and conclude that, without income to her home, over and above that to which she has attested, and in view of the daunting debt she represents as having incurred, the payment of a filing fee, and of service costs, would deny her life's necessities in a way that warrants pauper standing.

Accordingly, we vacate the Report and Recommendation, and we grant the Plaintiff's Application to proceed in forma pauperis.

---

[1](...continued)
do not find her Complaint to be facially futile.

NOW, THEREFORE, It is --

ORDERED:

1. That this Court's Order and Report and Recommendation of January 8, 2001, is VACATED.

2. That the Plaintiff's Amended Application for in forma pauperis status [Docket No. 5] is GRANTED.

3. That the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon each of the Defendants as directed by the Plaintiff, and that all costs of service shall be advanced by the United States.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE