UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

* * * * * * * * * * * * * * * * * * *

Annette M. Poganski,

Plaintiff,

ORDER

vs.

St. Cloud Hospital,

Defendant. Civ. No. 01-20 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of March, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion for Appointment of Counsel. The Plaintiff appears pro se, and the Defendant has made no appearance for the purpose of the Motion.

In her Complaint, the Plaintiff alleges that she was denied a transfer, by her employer, because of a disability. Accordingly, she has commenced this disability discrimination action, pursuant

FILED MAR 29 2001
[illegible] NOSAL, CLERK

to the Americans With Disabilities Act of 1990,[1] against the Defendants and, by this Motion, she requests an appointment of counsel. In support of this Motion, she stresses that she is indigent, does not possess a legal background, and cannot afford to hire an attorney.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel, * * *").

[1]Although her Complaint is filed on a form for Title VII discrimination causes of action, her EEOC claim form, which is attached to the Complaint, specifically states that the Complaint is based on Title I of the Americans With Disabilities Act of 1990.

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present her claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of her claim, however, upon our review of the submissions which she has submitted to the Court thus far, we are satisfied that she possesses the capacity to develop and articulate the grievances which are presented by her Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiff's motion for an appointment of counsel but, upon a proper

showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 8] is DENIED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE