**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**
01-CV-0020 (MJD/RLE)

---

**Annette Poganski**,

Plaintiff,

-- vs. -- STIPULATION TO AMENDMENT OF COMPLAINT

**St. Cloud Hospital,**

Defendant.

---

The parties in the above-captioned action, by and through counsel, hereby stipulate to the granting of the amendment of the Plaintiff's Complaint, with said First Amended Complaint enclosed herein. The parties further stipulate to the filing and service of the Answer of the Defendant within twenty (20) days of approval of this Stipulation by the Court.

FOR THE PLAINTIFF:
NICKITAS LAW OFFICE

Peter James Nickitas #212313
28 Orme Court
Saint Paul, Minnesota 55116-2764
651.699.1864

Date: 16 May 2001

FOR THE DEFENDANT:
HUGHES MATHEWS, P.A.

John D. Holland #028614X
110 Sixth Avenue South #200
P.O. Box 548
St. Cloud, Minnesota 56302-0548
320.251.4399
Date: 5-23-01

STIPULATION APPROVED AS TO SUBSTANCE AND FORM:

DATE: 5/29/01

BY THE COURT:

RAYMOND L. ERICKSON
MAGISTRATE JUDGE

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(18)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**
01-CV-0020 (MJD/RLE)

---

**Annette Poganski,**

Plaintiff,

-- vs. --

FIRST AMENDED COMPLAINT

**St. Cloud Hospital,**

**TRIAL BY JURY DEMANDED**

Defendant.

---

COMES NOW THE PLAINTIFF WITH HER FIRST AMENDED COMPLAINT, STATING AND ALLEGING AS FOLLOWS:

**Introduction**

Plaintiff Annette Poganski brings this action against her former employer, St. Cloud Hospital, under the Americans with Disabilities Act of 1990, 42 U.S.C. sec. 12101 et seq., and supplemental claims under the Minnesota Human Rights Act, Minn. Stat. sec. 363.01 et seq., and Minn. Stat. sec. 176.82 subd. 2.

**Subject Matter Jurisdiction**

1. This Court has subject matter jurisdiction over this action in accordance with 28 U.S.C. secs. 1331 and 1343(a)(4) for claims raising federal questions under federal civil rights laws.

2. This Court has supplemental jurisdiction over the claims under Minnesota law in accordance with 28 U.S.C. sec. 1367.

3. Plaintiff Annette Poganski exhausted her administrative remedies in the issuance of the 18 December 2000 "Right to Sue" Letter by the United States Equal Employment Opportunity Commission in the case of Poganski v. St. Cloud Hospital, 265A10224.

4. Plaintiff timely filed this action in the United States District Court for the District of Minnesota on or about 8 January 2001.

**The Parties**

5. Plaintiff Annette Poganski ("Plaintiff" or "Poganski") is an adult individual, residing and domiciled at 17794 County Road 49, Richmond, Minnesota 56368.

6. Defendant St. Cloud Hospital ("St. Cloud Hospital", "the Hospital", "Hospital") is a corporation, organized under the laws of the State of Minnesota, with its principal place of business in St. Cloud, Minnesota.

7. On information and belief, the Hospital employs in excess of five hundred (500) employees at all times relevant to this cause of action.

8. The Plaintiff effected proper, timely service of the Complaint upon the Defendant.

**Venue**

9. The Plaintiff has properly laid venue in this Court under 28 U.S.C. sec. 1391(b)(2) because the substantial part of the acts giving rise to this case took place in the district and division of this Court.

**The Facts**

10. Plaintiff worked as a central processing attendant for the Defendant.

11. Plaintiff's duties included the repetitious cleaning and arrangement of surgical supplies for surgery.

12. Plaintiff began work as a central processing attendant on the 30th of August, 1999.

13. She worked full time at the rate of $9.18 per hour.

14. Plaintiff attaches and incorporates as Exhibit 1 the Physical Demand Analysis ("PDA") for the above job.

15. In 1991, Ms. Poganski had been diagnosed with Chronic Pain Syndrome and Myofascial/Fibromyalgia at Abbott Northwestern Hospital Corp. Sister Kenny Institute in Minneapolis, Minnesota.

16. In the course and scope of her employment as a central processing attendant, Ms. Poganski sustained workplace injuries on or about 6 March 2000 and 17 November 1999.

17. The injuries constituted a repetitive stress injury of "regional neck syndrome with bilateral wrist tendonitis", as described by Ms. Poganski's treating physician,

Basil C. LeBlanc, M.D., as well as concomitant repetitive workplace injuries causing rashes to her face.

18. Ms. Poganski applied for benefits under the Minnesota Workers' Compensation Act for these injuries.

19. Ms. Poganski put St. Cloud Hospital on notice of the disabling injuries no later than the 24th of May, 2000.

20. St. Cloud Hospital accepted liability for the claim and paid benefits on the same, including medical benefits and temporary total disability benefits ("TTD").

21. The bilateral wrist injuries resulted in a long term, physical impairment which substantially and material impaired Ms. Poganski's major life activities of lifting and carrying objects.

22. One treating physician, Rolf Hauck, M.D., Northwest Orthopedic Surgeons of Minneapolis, on the 19th of May, 2000, prescribed strengthening exercises, 6 weeks of physical therapy, return to work, no lifting above 5 pounds, and no repetitive lifting until her next visit, six weeks later

23. St. Cloud Hospital received Dr. Hauck's report on or about the 22nd of May, 2000.

24. On the 15th of June, 2000, Dr. Bruce Tennenbaum, M.D., Noran Neurological Clinic of Minneapolis, who had treated Ms. Poganski for a neck problem in the 1980's and early 1990's, examined Ms. Poganski. Dr. Tennenbaum diagnosed her with bilateral upper extremity limb pain and overuse syndrome.

25. Ms. Poganski worked with a QRC and the employer, St. Cloud Hospital, to maintain her employment at St. Cloud Hospital.

26. Ms. Poganski applied for several positions at St. Cloud Hospital in an effort to maintain employment and to seek reasonable accommodation for her disability.

27. Ms. Poganski applied for the position of medical records clerk at St. Cloud Hospital.

28. This position imposes fewer physical demands upon the incumbent employee, and specifically imposes less rigorous lifting demands upon the employee, than the position of central processing assistant.

29. Ms. Poganski attaches and incorporates St. Cloud Hospital's Physical Demand Assessment for the medical records position as Exhibit 2.

30. On 2 August 2000, St. Cloud Hospital conditionally hired Ms. Poganski for the position of medical records clerk.

31. Ms. Poganski attaches and incorporates said conditional hiring letter as Exhibit 3.

32. On the 14th of August, 2000, Ms. Poganski saw Dr. LeBlanc for another appointment for treatment of her disability, bilateral wrist/upper extremity limb pain and overuse syndrome.

33. Dr. LeBlanc recommended occupational therapy, light grasping, no repetitive forceful grasping, fifteen pound maximum limit, and "a trial of the medical records clerk".

34. Ms. Poganski's Case Manager, Mary Merchlowecz, attended this appointment with Ms. Poganski.

35. St. Cloud Hospital received a copy of Dr. LeBlanc's treatment notes of the 14th of August, 2000.

36. Ms. Poganski attaches and incorporates said treatment notes and recommendations as Exhibit 4 to the Complaint.

37. St. Cloud Hospital filed a Notice of Intent to Discontinue [Workers' Compensation] Benefits on the 22nd of August, 2000.

38. Ms. Poganski attaches and incorporates the 24 August 2000 letter from St. Cloud Hospital admitting that it had received Dr. LeBlanc's treatment notes and recommendations as Exhibit 5.

39. St. Cloud Hospital offered Ms. Poganski's incumbent position of central processing assistant to her, as detailed in Exhibit 5.

40. St. Cloud Hospital failed to put Ms. Poganski through a trial of the medical records clerk position.

41. St. Cloud withdrew its offer of the medical records clerk position on the 28th of August, 2000.

42. Ms. Poganski attaches and incorporates said withdrawal of medical records clerk offer as Exhibit 6.

43. St. Cloud Hospital fired Ms. Poganski on the 6th of September, 2000.

44. Ms. Poganski attaches and incorporates said letter of termination as Exhibit 7.

45. On the 22nd of September, 2000, Compensation Judge Ertl of the State of Minnesota, Office of Administrative Hearings, ruled against St. Cloud Hospital on its Notice of Intent to Discontinue Benefits, and ordered reinstatement of the same and payment to the date of the Administrative Conference Hearing (18 September 2000) and continuing.

46. Judge Ertl specifically stated, "There is insufficient basis to conclude that the pre-injury job is within employee's current restrictions or that there was work available for the employee within her restrictions. No information has been submitted to establish what modifications may have been made or that these modifications result in work within employee's restrictions. Employer and insurer have not established reasonable grounds to discontinue temporary total disability benefits."

47. Ms. Poganski attaches and incorporates a true copy of said Order by Judge Ertl of the 22nd of September as Exhibit 8.

48. Ms. Poganski mitigated her losses by a diligent search for work.

49. On the 26th of March, 2001, Central Minnesota Mental Health Center hired Ms. Poganski as a part-time file clerk for $6.50 per hour and nineteen (19) hours per week.

50. Ms. Poganski attaches said hiring letter as Exhibit 9.

51. St. Cloud Hospital discontinued temporary total disability benefits as of 15 December 2000.

52. The Office of Administrative Hearings approved the discontinuance of benefits on 28 March 2001.

53. Ms. Poganski attaches a true copy of said 28 March 2001 Order as Exhibit 10.

54. At all times relative to this action, Ms. Poganski stood as an individual with a disability, bilateral overuse of upper extremities/wrist syndrome.

55. At all times relevant to this actions, Ms. Poganski was qualified to perform the essential functions of the positions of central processing assistant and medical records clerk, with or without reasonable accommodations.

56. At all times relevant to this action, based on Ms. Poganski's workers' compensation claim, her recent treatment history, and her prior history of fibromyalgia, Ms. Poganski stood as an individual with a record of a disability.

57. At all times relevant to this action, St. Cloud Hospital regarded Ms. Poganski as a person with a disability.

58. Ms. Poganski spent money mitigating her job loss by looking for another job.

59. St. Cloud Hospital inflicted anguish and emotional distress upon Ms. Poganski by failing to accommodate her reasonably and by firing her.

**CLAIM #1: AMERICANS WITH DISABILITIES ACT OF 1990 --**

**FAILURE TO ACCOMMODATE REASONABLY**

**(42 U.S.C. SEC. 12112(b)(5)(A - B)).**

60. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

61. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a disability by failing to accommodate her reasonably by (1) failing to modify her position of central processing assistant in response to the communicated recommendations for accommodations by her treating physicians; (2) failing to try Ms. Poganski out for the available medical records clerk position with its less demanding physical requirements; and (3) failing to hire Ms. Poganski for the available medical records clerk position with its less demanding physical requirements.

**CLAIM #2: AMERICANS WITH DISABILITIES ACT OF 1990 -- WRONGFUL DISCHARGE (42 U.S.C. SEC. 12112(a))**

62. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

63. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a disability by wrongfully firing her on 6 September 2000 because of her disability.

**CLAIM #3: AMERICANS WITH DISABILITIES ACT OF 1990 -- WRONGFUL DISCHARGE (42 U.S.C. SEC. 12112(a))**

64. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

65. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a record of a disability by wrongfully firing her on 6 September 2000 because of the record of her disability.

**CLAIM #4: AMERICANS WITH DISABILITIES ACT OF 1990 --**

**WRONGFUL DISCHARGE (42 U.S.C. SEC. 12112(a))**

66. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

67. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual regarded by her employer as a person with a disability by wrongfully firing her on 6 September 2000 because of her perceived disability.

**CLAIM #5: MINNESOTA HUMAN RIGHTS ACT**

**FAILURE TO ACCOMMODATE REASONABLY**

**(MINN. STAT. SEC. 363.03 SUBD. 1(6)).**

68. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

69. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a disability by failing to accommodate her reasonably by (1) failing to modify her position of central processing assistant in response to the communicated recommendations for accommodations by her treating physicians; (2) failing to try Ms. Poganski out for the available medical records clerk position with its less demanding physical requirements; and (3) failing to hire Ms. Poganski for the available medical records clerk position with its less demanding physical requirements.

**CLAIM #6: MINNESOTA HUMAN RIGHTS ACT**

**WRONGFUL DISCHARGE (MINN. STAT. SEC. 363.03 SUBD. 1(2)(b))**

70. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

71. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a disability by wrongfully firing her on 6 September 2000 because of her disability.

**CLAIM #7: MINNESOTA HUMAN RIGHTS ACT**

**WRONGFUL DISCHARGE (MINN. STAT. SEC. 363.03 SUBD. 1(2)(b))**

72. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

73. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual with a record of a disability by wrongfully firing her on 6 September 2000 because of the record of her disability.

**CLAIM #8: MINNESOTA HUMAN RIGHTS ACT**

**WRONGFUL DISCHARGE (MINN. STAT. SEC. 363.03 SUBD. 1(2)(b))**

74. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

75. St. Cloud Hospital discriminated against Ms. Poganski as a qualified individual regarded by her employer as a person with a disability by wrongfully firing her on 6 September 2000 because of her perceived disability.

**CLAIM #9: REFUSAL TO OFFER CONTINUED EMPLOYMENT (MINN. STAT. SEC. 176.82 SUBD. 2)**

76. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

77. Ms. Poganski realleges and reasserts each and every claim and averment above, and reincorporates them herein below.

78. St. Cloud Hospital refused to offer continued employment to Ms. Poganski within her physical limitations without reasonable cause, in breach of her rights under Minn. Stat. sec. 176.82 subd. 2, by offering Ms. Poganski the same central processing assistant position without meaningful change or reasonable modifications of the physical requirements of the position incorporating recommendations of Dr. LeBlanc, the treating physician for her workers' compensation injuries, by erroneously discontinuing workers' compensation benefits to Ms. Poganski, by withdrawing the job offer of the medical records clerk position without offering Ms. Poganski a post-offer job trial, and by firing her for refusing to return to the unmodified central processing assistant position..

**WHEREFORE, PLAINTIFF DEMANDS THE FOLLOWING RELIEF:**

A. Judgment in the favor of the Plaintiff against the Defendant;

B. Damages up to one year's wages in accordance with Minn. Stat. sec. 176.82 subd. 2, to be determined by the jury;

C. Special damages for lost wages, to be determined by the jury;

D. Compensatory damages, to be determined by the jury;

E. Front pay, to be determined by the court or by an advisory jury;

F. Punitive damages, to be determined by the jury;

G. Civil penalty pursuant to the Minnesota Human Rights Act, to be determined by the jury;

H. Equitable relief, including without limit, injunction against future acts of retaliation;

I. Costs and disbursements;

J. Expert witness fees;

K. Reasonable attorney's fees; and

L. All legal and equitable relief justified and proper under the circumstances.

**N. <u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO THE JURY.</u>**

16 May 2001

Respectfully submitted:

Peter James Nickitas

Peter James Nickitas #212313
Counsel to the Plaintiff
28 Orme Court
Saint Paul, Minnesota 55116
651.699.1864

Occupational Health Services
St. Cloud Hospital

PHYSICAL DEMAND ANALYSIS (PDA)

Department CPD - Processing Job Title Processing Attendant Company SCH

In a/an ___ hr day, must be able to do a minimum number of hrs of:

a. Sitting (1) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 (hours)
b. Standing 1, 2, 3, (4) 5, 6, 7, 8, 9, 10, 11, 12 (hours)
c. Walking 1, 2, (3) 4, 5, 6, 7, 8, 9, 10, 11, 12 (hours)

Key:
N - "Never"
O - "Occasional" represents 1% - 33% - equivalent of 1-2 hrs (8 hr work day).
F - "Frequent" represents 34% - 66% - equivalent of 2 1/2 - 5 1/2 hrs (8 hr work day).
C - "Continuous" represents 67% - 100% - equivalent of 6-8 hours (8 hour work day).

Physical Activity:
The employee must be able to:

| Activity | | N | O | F | C |
|---|---|---|---|---|---|
| Reach: Above shoulder | | | X | | |
| Below shoulder | | | | X | |
| Climb: | | | X | | |
| Crawl/Kneel/Squat: | | | X | | |
| Bend/Stoop/Crouch: | | | | X | |
| Twist/Turn: | | | | X | |
| Push/Pull: | 25# or less | | | X | |
| | 26# to 50# | | X | | |
| | 51# to 75# | | X | | |
| Carry/Lift: | Less than 10# | | | X | |
| | 11# to 20# | | | X | |
| | 21# to 30# | | X | | |
| | 31# to 40# | | X | | |
| | 41# to 50# | | X | | |
| | Over 50# | X | | | |
| Repetitive Movement: (Specify Wrapping, Lift Washing + assembly of cart) | | | | X | |

Physical Exposure: (Mark with X all physical exposure related to this job)
Hazardous Substances: (Please specify Ethylene Oxide, soaps
Infectious Diseases: Blood Borne Pathogens - protective equipment utilized
Harmful Physical Agents: (heat) cold - from sterilizers + washers.
noise - some from machinery
ionizing radiation
unprotected heights
poor lighting
Mechanical Hazards: (please specify Machinery - taught how to use

Physical Ability: Acceptable Minimum Employee must have:
Vision: Good (with or without correction X Poor ___ Blind ___
Color Vision: Normal X Impaired ___
Hearing: Normal (with or without aid) X Mod. Loss ___ Deaf ___
Manual dexterity: Good X Fair ___ Poor ___

Additional Essential Requirements of the Job:
Often stand for long periods of time
Firm gripping necessary when handling instruments

Doctor/Supervisor Signature Marcia R D'Konek [signature] Date 10/20/98

I have read and understood the above information/Job requirements.
Employee Signature Annette M Fitzgerald [signature] Today's date 8/23/99 VR

Ex. 1

St. Cloud Hospital

PHYSICAL DEMAND ANALYSIS (PDA)

**Department** Medical Records **Job Title** medical Record Clerk - Evening **Company** SCH

In a/an 8 hr day, must be able to do a minimum number of hrs of:
a. Sitting (1), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 (hours)
b. Standing 1, 2, (3), 4, 5, 6, 7, 8, 9, 10, 11, 12 (hours)
c. Walking 1, 2, 3, (4), 5, 6, 7, 8, 9, 10, 11, 12 (hours)

**Key:**
N - "Never"
O - "Occasional" represents 1% - 33% - equivalent of 1-2 hrs (8 hr work day).
F - "Frequent" represents 34% - 66% - equivalent of 2 1/2 - 5 1/2 hrs (8 hr work day).
C - "Continuous" represent 67% - 100% - equivalent of 6-8 hours (8 hour work day).

**Physical Activity:**
The employee must be able to:

| Activity | | N | O | F | C |
|---|---|---|---|---|---|
| Reach: Above shoulder | | | | ✓ | |
| Below shoulder | | | | ✓ | |
| Climb: | | | ✓ | | |
| Crawl/Kneel/Squat: | | | | ✓ | |
| Bend/Stoop/Crouch: | | | | ✓ | |
| Twist/Turn: | | | | ✓ | |
| Push/Pull: | 25# or less | | ✓ | | |
| | 26# to 50# | ✓ | | | |
| | 51# to 75# | ✓ | | | |
| Carry/Lift: | Less than 10# | | ✓ | | |
| | 11# to 20# | | ✓ | | |
| | 21# to 30# | | ✓ | | |
| | 31# to 40# | ✓ | | | |
| | 41# to 50# | ✓ | | | |
| | Over 50# | ✓ | | | |
| Repetitive Movement: (Specify NA) | | | | | |

Physical Exposure: (Mark with X all physical exposure related to this job)
Hazardous Substances: (Please specify Copier Toner) X
Infectious Diseases: NA
Harmful Physical Agents: heat/cold NA
noise NA
ionizing radiation NA
unprotected heights NA
poor lighting NA
Mechanical Hazards: (please specify Computer printers, moveable filing shelves

**Physical Ability: Acceptable Minimum Employee must have:**
Vision: Good (with or without correction ✓ Poor ____ Blind ____
Color Vision: Normal ✓ Impaired ____
Hearing: Normal (with or without aid) ✓ Mod. Loss ____ Deaf ____
Manual dexterity: Good ✓ Fair ____ Poor ____

Additional Essential Requirements of the Job:
ability to answer phones, ability to walk from Center B level to the various to multiple times per shift, ability to do repetitive filing

Director/Supervisor Signature Pamela J. Schnettler Date 11-24-97

I have read and understood the above information/Job requirements.
Employee Signature ____ Today's date ____

Ex. 2

St. Cloud Hospital
CENTRACARE Health System

1406 Sixth Avenue North | St. Cloud, MN 56303-1901
(320) 251-2700 phone | (320) 255-5711 fax

August 2, 2000

Annette Poganski
17794 Co Rd 49
Richmond, MN 56368

Dear Annette:

Congratulations on your new position! Your tentative transfer date is yet to be determined, with a salary of $9.35 per hour. Your status will be Part Time, 32 hours per pay period as a Medical Records Clerk in Medical Information.

Your direct supervisor's name is Brenda Ericson.

Your job offer is contingent on passing a health assessment for your new job. **THIS ASSESSMENT WILL BE DONE IN OUR OCCUPATIONAL HEALTH SERVICES AND MUST BE SUCCESSFULLY COMPLETED PRIOR TO YOUR TRANSFER.** Please call our Occupational Health Services at 320-255-5634 to set up this appointment as soon as possible.

A criminal background check is also necessary if your new position has direct or indirect patient contact, and you have not already completed such a check at St. Cloud Hospital.

If your benefit status has changed, a new benefit brochure is included for your review.

If you have any questions, please call Human Resources at 320-255-5650.

**EMPLOYMENT DEPARTMENT**
David Waage, Employment Coordinator
Charlotte Stokes, Employment Recruiter
Marie Rausch, Employment Recruiter
Audrey Kamphenkel, Employment Recruiter

Ex. 3

DATE

Ann.tte Poganski 13314901
:mp: ST CLOUD HOSPITAL
DOB: 9/12/1961
)OI: 03-06-00
)OV: 03-31-00

This 38-year-old, eight month SCH employee in central processing involved in sterilization of instruments presents with bilateral wrist pain starting about two weeks ago. No particular injury, just noticed increasing wrist discomfort with lifting. She does not believe it is the weight as much as the repetition. She also complains of tingling in all of her fingers in both hands and morning stiffness. There is no nighttime numbness or tingling, she sleeps well.

AH: She denies any previous history of hand or wrist problems. Her past medical history shows surgeries to include previous left bunionectomy and hysterectomy. No other injuries or illnesses, no use of medications. She is allergic to Sulfa and she does not smoke.

Examination shows a short statured lady with very narrow shoulders and pronounced rounded shoulders and marked forward head posturing. Good R.O.M. in the cervical spine with only mild tenderness anteriorly. Late positive costoclavicular test causing burning sensation in the left hand. Good R.O.M. noted in the shoulders. The wrists are normal in appearance, she has good extension, flexion and ulnoradial deviation. Note is made of some increased laxity with both wrists, more so on the left with a positive scaphoid shift test. Mildly positive Tinels at the right wrist. No sign of atrophy or chronic skin changes. Good distal sensation and strength. Mildly positive forearm compression test bilaterally.

Regional neck syndrome with bilateral wrist tendonitis.

Recommended P.T. to evaluate and treat the upper body for strengthening and postural exercises. O.T. to evaluate the wrists. I will not place her on any restrictions at this time. Follow-up in two weeks.

LeBlanc

il C. LeBlanc, M.D./nlf

Ex 4
p. 1

**CLINICAL RECORD**

NAME ______________________ PHONE ______________

ADDRESS ______________________________________

| DATE | |
|---|---|
| 3/00 | Pt Phones this am. Pt was yelling over the phone re: cause she was given 3/31/00 here at the clinic. Pt. was very upset the Dr. would not give her any restrictions or medication. She would not stop yelling to let me explain that she could see another Dr. here at [illegible]. Pt refused to come to this clinic ever again and requested a referral only - I advised her that she could not get a referral from us because we have other Drs here to see. Pt still refused to come into clinic - I got here [illegible] and Phone number and advised her I would call her back as soon as I could - I needed to discuss this with the Dr. [illegible] LPN |
| '-00 | Today's appt was cancelled after Faye from the hosp called stating her claim had been denied. Pt was informed that she could be scheduled with a family dr - which she did not want to do/[illegible] |
| -00 | Sent records to [illegible] - [illegible] & Sent [illegible] Billing [illegible] |

**nnette Poganski 13314901** DOB: 9/12/1961

np: ST CLOUD HOSPITAL

)I: 03-06-00

)V: 8/14/00

This lady returns for follow-up of bilateral wrist tendonitis. Since last being seen there apparently has been a denial of the initial injury. Somehow shoulder problems got related, I am not sure where that came from, she had normal R.O.M. and no shoulder complaints when I saw her. She did have regional neck symptoms, however that has improved. I explained that this was not likely related to work but rather her poor upper body posture and tone. The wrists however have been related to the work injury. She also saw in consultation Dr. Hauck, who felt that she had overuse syndrome of the bilateral upper extremities. He recommended physical therapy and she does think that that has been helpful in the four times that she has gone. She also had an EMG which was normal. She has not in fact worked at the hospital now for two months because of restrictions by

continued

Ex. 4
P. 2

8-14-00 continued

Dr. Hauck, she is working part-time at her husbands business in bookkeeping. She has with her a physical demand analysis for medical records, with the exception of the lifting, I believe that she should be able to do all of the other essential requirements.

O: Examination again shows again forward head posturing and narrow shoulders. She does have full R.O.M. in the neck and shoulders with a negative costoclavicular test today. Mildly positive forearm compression test in both proximal forearms, still mildly tender in the first and second dorsal wrist compartments bilaterally with a positive scaphoid shift again noted. Good distal sensation and strength, noted in the medical record that she was able to grip strength 45 pounds on the compared to 50 pounds on the right.

A: Bilateral wrist / forearm tendonitis.

P: Recommended occupational therapy at Northern Star. Restrictions to include light grasping with no repetitive forceful grasping, 15 pound maximum limit and again would recommend a trial of the medical records clerk. Follow-up here in two weeks after starting therapy. Mary Merchlewicz was also in attendance today, approximately 45 minutes were spent with Mary, the patient and review of the records.

LeBlanc

Basil C. LeBlanc, M.D./nlf

Ex. 4
P. 3

**St. Cloud Hospital**
**CENTRACARE Health System**

1406 Sixth Avenue North | St. Cloud, MN 56303-1901
(320) 255-5634 phone | (320) 255-5637 fax

**Occupational Health Services**

August 24, 2000

Annette Poganski
17794 County Road # 49
Richmond, MN 56368

Dear Annette,

Although your initial assessment with Dr. LeBlanc after your March, 2000 injury indicated that you may return to work without restrictions, your visit on 8/14/2000 with him suggested that you should be on a 15 lbs. restriction. Following that order, I asked your Case Manager, Mary Merchlewicz to assist us in making sure your work area is compatible with your restrictions. Based on Mary's assessment, with minor adjustment of your preinjury job, it is within the parameter as ordered.

According to Mary Merchlewicz, she informed you on 8/21/2000 about the suitability of your old job per voice mail. On August 22, 2000, we expected you to report for duty but you did not come.

This is to inform you that your old job is still available for you with the same hours and at the same pay rate. Most important is that, based on her assessment, it is a suitable job in compliance with your medical order.

We look forward to working with you again. Please respond by September 1, 2000. If we do not hear from you on or before that date, your position will be terminated.

Sincerely,

Fay

Fay Chawla
Occupational Health Services
320-255-5634

C Duane Rasmusson, Human Resources
Beth Honkomp, Surgical Services

1st letter sent Registered Mail - refused per receiver and returned
2nd letter sent 8/30/00 Regular mail

Ex. 5

**St. Cloud Hospital**

**CENTRACARE Health System**

1406 Sixth Avenue North St. Cloud, MN 56303-1901
(320) 251-2700 phone | (320) 255-5711 fax

August 28, 2000

Annette Poganski
17794 County Road 49
Richmond, MN 56368

Dear Annette,

St. Cloud Hospital offered you a contingent offer of employment as a Medical Records Clerk-Evening to begin employment as to be determined between your current department and Medical Records. As stated at the time of the offer, "any offer of employment/transfer is dependent upon satisfactory completion of a pre-employment screening which includes but is not limited to a pre-placement physical exam and alcohol and drug screen completed through St. Cloud Hospital Occupational Health Services".

I have been notified by the St. Cloud Hospital Occupational Health Services department that you do not meet the physical requirements for a Medical Records Clerk-Evening and have not successfully completed a pre-employment screening. It is therefore necessary to rescind our contingent job offer. You may not transfer as a Medical Records Clerk-Evening.

If you have any questions regarding your transfer, please contact Fay Chawla at 1-800-835-6652 extension 55634.

Sincerely,

Audrey Kamphenkel

Audrey Kamphenkel
Employment Recruiter

cc: Fay Chawla, Occupational Health Services
Brenda Ericson, Medical Records

Ex. 6

St. Cloud Hospital
CENTRACARE Health System

1406 Sixth Avenue North | St. Cloud, MN 56303-1901
(320) 255-5634 phone | (320) 255-5637 fax

Occupational Health Services

September 6, 2000

Annette Poganski
17794 County Road #49
Richmond, MN 56368

Dear Annette,

As mentioned in my previous letter dated August 24, 2000, your pre-injury job as an employee of the St. Cloud Hospital Processing Department is available to you with the same hours and the same pay rate.

Yesterday, you called to inform me that you will not be returning to work because the job tasks are causing you pain in the wrist. I requested that you visit with Dr. Bachman (your workers' comp physician Dr. LaBlanc was off). This appointment was scheduled at 2:30 p.m., the same time you start your work duty. I also informed you that you should plan on coming to work following your doctor's visit. However, when you came after your doctor's visit, you were in shorts and sweats, not intending to work that day.

Although Dr. Bachman added a 'no repetitive' work restriction, we still believe that your present job is within your restrictions. Also according to the worksite assessment of your pre-injury job done by your QRC Mary Merchlewicz, the tasks involved are within these restrictions..

This morning I called to request that you return to work as scheduled but you informed me that you will not be coming.

Therefore as of today, we are terminating your position as processing attendant.

We thank you for your services at St. Cloud Hospital. Good luck in your future endeavors.

Sincerely,

Fay Chawla
Occupational Health Services
320-255-5634

c Duane Rasmusson, Human Resources
Kelly Gray, Human Resources
Beth Honkomp, Surgical Services
Peggy Liddell, St. Paul Companies
File

Ex. 7

STATE OF MINNESOTA
OFFICE OF ADMINISTRATIVE HEARINGS
ST. PAUL SETTLEMENT DIVISION
(651) 297-3663
FAX: (651) 282-5404

SEP 2 2 2000

**Mailing Address:**
443 Lafayette Road North
St. Paul, MN 55155

**Location:**
380 East Lafayette Frontage Road
St. Paul, MN 55107

File No. 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
DOI: 03/06/00

Annette M. Poganski,
Employee,

vs.

**ORDER ON DISCONTINUANCE PURSUANT TO MINN. STAT. § 176.239**

St. Cloud Hospital,
Employer,

and

St. Paul Companies,
Insurer.

The above-captioned matter was heard on September 18, 2000, pursuant to Notice and Order for an Administrative Conference under Minn. Stat. § 176.239. Appearing at the conference were: Annette M. Poganski, employee; Michael G. Schultz, attorney for employee; Michael D. Aafedt, attorney for employer and insurer.

The employer and insurer filed a Notice of Intention to Discontinue (NOID) workers' compensation benefits on August 22, 2000, alleging that the employee was released to return to work with temporary restrictions. The QRC reviewed the job and found it to be a suitable position. The employee has refused to return to work. Temporary total benefits have been discontinued based on the fact that the employee refused to return to a suitable light duty position at her employer.

The employee contends that the job is hand intensive and repetitive. Employee contends that the job does not fall within the restrictions outlined by Dr. LeBlanc and Dr. Hauck. Employee contends she attempted the job offer and experienced flare-up of her symptoms. Employee contends the job was the same she had been doing on her date of injury.

Ex 8
P. 1

Based upon a preponderance of the evidence, the Compensation Judge finds that there are not reasonable grounds to discontinue the employee's temporary total disability benefits.

NOW THEREFORE IT IS ORDERED that the insurer's request to discontinue the employee's temporary total disability benefits is denied and benefits shall be reinstated and paid to the date of the conference and continuing, as warranted, pursuant to the Minnesota Workers' Compensation Act.

If the employee objects to this decision, an Objection to Discontinuance may be filed. If the insurer or self-insured objects to this decision, a Petition to Discontinue may be filed. Either of these Petitions will result in a formal hearing before a Compensation Judge at the Office of Administrative Hearings, at which time the parties have the right to be represented by counsel. In order for a Petition to receive priority status for scheduling purposes, it must be filed with the Department of Labor and Industry at 443 Lafayette Road North, St. Paul, Minnesota 55155-4133 within 60 days from the date this decision is served and filed.

Dated at St. Paul, Minnesota
this 22 day of September, 2000.
JGE/eb

Jane Gordon Ertl
JANE GORDON ERTL
Compensation Judge
St. Paul Settlement Division

MEMORANDUM

There is insufficient basis to conclude that the pre-injury job is within employee's current restrictions or that there was work available for the employee within her restrictions. No information has been submitted to establish what modifications may have been made or that these modifications result in work within employee's restrictions. Employer and insurer have not established reasonable grounds to discontinue temporary total disability benefits.

JGE

Ex. 8
p. 2

**CENTRAL MINNESOTA MENTAL HEALTH CENTER**

March 25, 2001

Ms. Annette Poganski
17794 County Road 49
Richmond, MN. 56368

Dear Ms. Poganski,

We are pleased that you will be joining our staff as a part-time file clerk in our Medical Records Office. Your beginning date of employment for this position will be Monday, March 26, 2001 at a salary of $6.50 an hour. Your hours will be scheduled by your supervisor, Shirley Macek, up to 19 hours per week. No benefits are available for employees working less than 50% FTE. Central Minnesota Mental Health Center personnel policy requires a six month probationary period for all employees. Your salary will be reviewed after completion of one year of satisfactory employment.

Please be advised that employees of Central Minnesota Mental Health Center are employed at will. Since this letter will serve as your terms of employment in your personnel file, please sign below and return to me. A copy is enclosed for your personal files.

Sincerely,

David Baraga, Ph.D., LP
Executive Director

______________________________ ____________
Signature of Employee Date

CC: Personnel
Payroll

Ex. 9

1321 North 13th Street
St. Cloud, MN 56303
320-252-5010
FAX 320-252-0908

NEW ADDRESS
308 12th Avenue South
Buffalo, MN 55313
763-682-4400
FAX 763-682-1353

730 Dodge Avenue #101
Elk River, MN 55330
763-441-3770
FAX 763-441-9057

Emergency Numbers: 320-253-5555 or 1-800-635-8008

EEO/AA

**STATE OF MINNESOTA**
**OFFICE OF ADMINISTRATIVE HEARINGS**
**ST. PAUL SETTLEMENT DIVISION**
**(651) 297-3663**
**FAX: (651) 282-5404**

**Mailing Address:**
443 Lafayette Road North
St. Paul, MN 55155

**Location:**
380 East Lafayette Frontage Road
St. Paul, MN 55107

File No.: 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
D.O.I.: 3-6-00 & 11-17-99

Annette M. Poganski,
Employee,

vs.

St. Cloud Hospital,
Employer,

and

St. Paul Companys,
Insurer.

**ORDER ON DISCONTINUANCE PURSUANT TO MINNESOTA STATUTES § 176.239**

SERVED & FILED
MAR 28 2001
OFFICE OF ADMINISTRATIVE HEARINGS
ST PAUL SETTLEMENT DIVISION

The above-captioned matter was heard at an administrative conference, pursuant to notice, before Nancy Olson, a Compensation Judge of the Office of Administrative Hearings, on March 23, 2001, at the Office of Administrative Hearings, St. Paul Settlement Division. Appearing at the conference were: Annette M. Poganski, employee; by telephone, Jerald Meyer, subbing in for Rachelle Voss, QRC; and Krista Twesme, attorney for the employer and insurer.

The employer and insurer filed a Notice of Intention to Discontinue Benefits on December 18, 2000, which discontinued temporary total disability benefits as of December 15, 2000. The basis for the discontinuance was that Dr. Husband's opinion indicated that there was no objective basis for the employee's subjective complaints and the employee had no permanent partial disability. The employer and insurer also claimed that the employee was not looking for work. The employer and insurer presented Dr. Husband's report

The employee contends that her treating doctor has restricted her from repetitive gripping and manipulation. The employee presented Dr. Hauck's reports and restrictions.



EX. 10
P. 1

The employee claimed that she had made a diligent search for work and had returned to work on March 8, 2001.

Based upon a preponderance of the evidence, the compensation judge finds that the employer and insurer have established reasonable grounds to discontinue benefits as of December 15, 2000.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the employer and insurer's request to discontinue temporary total disability benefits is granted. The employer and insurer are allowed to discontinue benefits as of December 15, 2000, based on Dr. Husband releasing the employee to return to work without restrictions.

If the employee objects to this decision an Objection to Discontinuance may be filed. If the employer or insurer objects to this decision, a Petition to Discontinue may be filed. Either of these petitions will result in a formal hearing before a Compensation Judge. If a formal hearing is requested the employee is strongly advised to be represented by an attorney. In order for a petition to receive priority status for scheduling purposes, it must be filed with the Commissioner of the Minnesota Department of Labor and Industry at 443 Lafayette Road North, St. Paul, Minnesota 55155-4313 within 60 days from the date that this decision is stamped "Served & Filed".

Nancy Olson
Nancy Olson
Compensation Judge

Dated at St. Paul, Minnesota,
March 27, 2001.

**MEMORANDUM**

The compensation judge accepted Dr. Husband's opinion that the employee should not have restrictions on her hand, wrist, and arm use at this time and that the employee's pain complaints are not consistent with any objective findings on examination. Dr. Husband's report indicates that he carefully reviewed the employee's prior treatment records and performed a thorough examination. Dr. Hauck's report does not indicate objective examination findings. Dr. Hauck's report does not indicate that he has reviewed the employee's prior treatment records. The psychological diagnosis of "somatoform disorder" is only compensable if the employee can prove that she sustained a physical injury that triggered the psychological complaint. This was not done at this time. A preponderance of the evidence supports the discontinuance at this time. Since Dr. Husband released the employee to return to work with no restrictions, benefits are not payable up to the date of conference.

N.O.



Ex. 10
p. 2

STATE OF MINNESOTA
OFFICE OF ADMINISTRATIVE HEARINGS
ST PAUL SETTLEMENT DIVISION
380 East Lafayette Frontage Road, Suite 120
St. Paul, MN 55107

File No 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
DOI. 3/6/2000

# PROOF OF SERVICE

Judy West certifies that as an employee of the State, she/he served on the following persons a true and correct copy of the DECISION AND ORDER PURSUANT TO MINN. STAT. 176.239 by placing it in a properly addressed and sealed envelope First Class U S Mail in the City of St. Paul, MN on March 28, 2001 as follows: /s/ Judy West

ANNETTE M POGANSKI
17794 CNTY RD 49
RICHMOND MN 56368

ST PAUL COS
ATTN PEGGY LIDDELL
PO BOX 64907
TWIN CITIES WORK COMP SVC CTR
ST PAUL, MN 55164

MARY MERCHLEWICA
1380 ENERGY LANE STE 205
FALCON HEIGHTS, MN 55108

RACHELLE VOSS
3400 FIRST ST N STE 405
ST CLOUD, MN 56303

JUDGE NANCY OLSON

ST CLOUD HOSPITAL
1406 6TH ST N
ST CLOUD, MN 56303

JOHN RICHARDSON
1208 E Cty Rd E
VADNAIS HEIGHTS, MN 55127

MICHAEL SCHULTZ
1219 MARQUETTE AVE
STE 300
MINNEAPOLIS, MN 55403

MICHAEL D AAFEDT
FOR ST PAUL COS
SUITE 3100
150 SO 5TH STREET
MINNEAPOLIS, MN 55402

Ex. 10
p. 3