UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Annette Poganski,

Plaintiff,

vs. MINUTE ORDER

St. Cloud Hospital,

Defendants. Civ. No. 01-20 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of September, 2001.

* * *

On September 20, 2001, the Court heard arguments on the Defendant's Motion to Compel Discovery, which sought an Order compelling the Plaintiff to disclose her damages and her expert witnesses, as well as an extension of the Defendant's expert witness disclosure deadline. At the time of the Hearing, the Plaintiff appeared by Peter J. Nickitas, Esq., and the Defendant appeared by Paul R. Harris, Esq.

As to the Motion to Compel, and to extend the deadline for the Defendant's expert disclosures, the Plaintiff has agreed to provide Answers to the Defendant's Interrogatories, which pertain to the provision of the Plaintiff's expert opinion evidence. Although the Plaintiff had earlier answered those Interrogatories by claiming

(26)

FILED SEP 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that the automatic disclosure requirements of Rule 26(a)(2)(B) override any obligation to respond to provide expert opinions under Rule 33, Federal Rules of Civil Procedure, we assume that the Plaintiff has learned the fallacy of the argument she urged. Accordingly, the Plaintiff having agreed to supplement its Answer to the Defendant's request for expert opinion evidence, which the Plaintiff will offer at Trial, we grant the Motion to Compel and instruct the Plaintiff to serve an amended Answer to the Defendant's expert interrogatory by no later than fourteen days after the date of this Order. Further, we grant the Defendant until **October 20, 2001**, to augment any of its expert disclosures. Should any party want further discovery of an opponent's experts, the parties are directed to contact this Court promptly.

Lastly, the Defendant moved to compel the Plaintiff to disclose her damages, claiming it did "not know the scope of any damages alleged," and "ha[d] not been provided with detailed documentation supporting [the Plaintiff's] alleged damages." Defendant's Memorandum in Support of Motion to Compel Discovery by Plaintiff, at 6. However, the Plaintiff argues, and we agree, that her response to the Defendant's damages Interrogatory, as supplemented by her deposition testimony, adequately discloses her economic and non-economic damages. In order to assure that discovery would not occur at Trial, however, we direct the parties to "meet and confer"

so that the factual bases for the Plaintiff's claimed damages are known to the Defendant. If, after the "meet and confer," additional information is needed by the Defendant, and authorized under the law, the Plaintiff shall promptly furnish that information by no later than fourteen days after the date of this Order.

NOW, THEREFORE, It is --

ORDERED:

1. That the part of the Defendant's Motion to Compel Discovery seeking expert disclosure under Rule 26 [Docket No. 21] is GRANTED, and the Plaintiff is directed to answer the Defendant's Interrogatories as to any expert that she will call to testify at Trial, by no later than fourteen days after the date of this Order.

2. That the part of the Defendant's Motion to Obtain an extension of time in which to disclose any rebuttal experts [Docket No. 21] is GRANTED as more fully detailed in the text of this Order.

3. That the Defendant shall supplement its expert disclosures by no later than **October 20, 2001.**

4. That the Defendant's Motion to Compel Discovery as to the Plaintiff's damages [Docket No. 21] is REMANDED to the parties for a "meet and confer," as detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE