**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Annette M. Poganski, Civil File No. 01-20 (MJD/RLE)

Plaintiff,

v. **MEMORANDUM AND ORDER**

St. Cloud Hospital,

Defendant.

---

In the underlying lawsuit, Plaintiff asserted claims of disability discrimination under state and federal law and a worker's compensation claim under Minn. Stat. § 176.82. On May 10, 2002, the Court granted Defendant's Motion for Summary Judgment as to Counts 1-8 of Plaintiff's Complaint. The Court denied Defendant's motion as to the worker's compensation claim at Count 9 of Plaintiff's Complaint.

This matter is before the Court on Plaintiff's "Motion for Reconsideration Relief from Judgement" (sic) pursuant to Fed. R. Civ. P. 60(b), and Defendant's Motion to Dismiss Count 9 of the Complaint for lack of subject matter jurisdiction.

1. Fed. R. Civ. P. 60(b)

Pursuant to Fed. R. Civ. P. 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore dominated intrinsic or extrinsic), misrepresentation, or other

FILED 8-14-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 8-14-02
DEPUTY CLERK

> misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Hepper v. Adams County, 133 F.3d 1094, 1096 (8th Cir. 1998) (quotation omitted).

Plaintiff raises four factual arguments in support of her motion. First, Plaintiff argues that she was not under the care of a physician and no restrictions were placed on her when she filled out the Medical Pre-Placement Evaluation for the Central Processing Attendant ("CPA") position. Plaintiff argues that she was not given a Pre-Employment Exam for the Medical Records Clerk ("MRC") position. Defendants argue that Plaintiff's argument has no relevance to the lawsuit, and at any rate, its answer to Interrogatory No. 15 explained that current employees are not asked to complete a new Pre-Employment Exam. Plaintiff does not respond to Defendant's argument.

Second, Plaintiff argues that Defendant did not make available her weekly schedule during discovery, which would demonstrate that job accommodations were not made for her. Defendant argues that these records are not part of Plaintiff's personnel record. As Defendant points out, Plaintiff has not presented any evidence that she requested such documents during discovery or that such documents were intentionally withheld. Plaintiff has not responded to Defendant's argument.

Next, Plaintiff argues that she was never put on "leave" or "paid medical leave." Plaintiff also argues that Defendant never made this fact known to the Court. Nevertheless, Defendant is correct in its argument that Plaintiff is the master of her own lawsuit. It is Plaintiff's burden to raise her own claims and issues. Finally, Plaintiff argues that she applied for other positions for which she was not hired, and that Defendant failed to provide information regarding who was hired for these positions. According to Defendant, Plaintiff did not request copies of her applications for positions other than the CPA and MRC positions, or information about who was hired for the other positions. Plaintiff fails to respond to this argument as well.

Based on the forgoing, Plaintiff has failed to make the adequate showing of exceptional circumstances necessary to seek the extraordinary relief available under Rule 60(b). Accordingly, the Court will deny Plaintiff's motion.

2. Motion to Dismiss

Defendant seeks dismissal of Count 9, a state law claim, on the basis that this Court lacks subject matter jurisdiction now that it has granted summary judgment on Counts 1-8 of the Complaint, which included the federal law claims. Because the Court has granted summary judgment on Plaintiff's federal claims, the Court must determine whether the exercise of supplemental jurisdiction over the remaining state law claim is proper. According to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the [Court] has dismissed all claims over which it has original

jurisdiction." In making this decision, the Court should consider the principles of judicial economy, comity, fairness, and convenience. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Court should also recognize that the "normal practice" when federal claims are dismissed prior to trial is to dismiss the supplemental state claims as well. Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982). Where, as here, resolution of the remaining claim depends solely on a determination of state law, the Court should decline to exercise jurisdiction. See, e.g., Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."). Finally, the litigation is not so far along that dismissal of this claim will work a hardship on any party. See Willman v. Heartland Hosp. East, 34 F.3d 605, 613 (8th Cir. 1994) (affirming court's discretion to decline to exercise jurisdiction over state claims when federal claims were dismissed two weeks before trial). Indeed, this matter has not even been placed on this Court's trial calendar. After considering all of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion For Reconsideration Relief From Judgement (sic) (Clerk Doc. No. 41) is **DENIED**; and

2. Defendant's Motion to Dismiss (Clerk Doc. No. 44) is **GRANTED**; and

3. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 14, 2002

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd